Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas D. Berghman, Esq.
Texas Bar No. 24082683
Conor P. White, Esq.
Texas Bar No. 24125722
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

ATTORNEYS FOR
SCOTT M. SEIDEL, TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: § | | |
| § | Case No. 22-31641-mvl-7 | |
| GOODMAN NETWORKS, INC., § | | |
| § | (Chapter 7) | |
| Debtor. § | | |
| § | | |
| § | | |
| SCOTT M. SEIDEL, TRUSTEE, § | | |
| § | | |
| Plaintiff, § | ADVERSARY PROCEEDING | |
| § | NO. 23-03088-mvl | |
| v. § | | |
| § | | |
| UNIFIED FIELD SERVICES, INC., § | | |
| § | | |
| Defendant. § | | |

**TRUSTEE'S MOTION TO COMPEL UNIFIED FIELD SERVICES, INC. TO RESPOND TO REQUESTS FOR PRODUCTION AND INTERROGATORIES**

TO THE HONORABLE MICHELLE V. LARSON, U.S. BANKRUPTCY JUDGE:

COMES NOW Scott M. Seidel (the "Trustee"), the duly-appointed chapter 7 trustee for Goodman Networks, Inc. (the "Debtor"), debtor in the above-styled and numbered chapter 7 bankruptcy case (the "Bankruptcy Case"), and the Debtor's estate (the "Estate"), and files this *Motion to Compel Unified Field Services, Inc. to Respond to Requests for Production and*

*Interrogatories* (the "Motion") against Unified Field Services, Inc. ("UFS"), the judgment debtor in the above styled and numbered adversary proceeding (the "Adversary Proceeding"), respectfully showing as follows:

## I.   RELIEF REQUESTED

1. The Trustee properly served post-judgment discovery on UFS seeking information relevant to assist the Trustee in collecting and liquidating his Judgment against UFS. UFS initially defaulted on the RFPs and, after multiple conferences and a limited production, UFS remains in default of the RFPs. UFS has not answered the Interrogatories at all. All this is of critical importance to the Trustee, not only for the obvious reason that he seeks to collect on the Judgment, but also because he has no idea what happened to UFS who, until very recently, seemed to be a business with a going concern. Given the history of fraudulent transfers that predominate the Debtor's Bankruptcy Case, it is critical for the Trustee to discover what happened to UFS and to its business as soon as reasonably possible. Accordingly, by this Motion, the Trustee seeks an order from this court compelling UFS to produce all documents responsive to the RFPs without objection, and to fully answer the Interrogatories, within seven (7) days of the entry of such order.

## II.   BACKGROUND

2. On or about June 4, 2021, the Debtor sold certain of its e-commerce servicing assets to UFS. To assist in the transition of the sale and based on the service-related nature of the assets, UFS and the Debtor entered into a transition services agreement (the "TSA") whereby the Debtor would continue to provide services on behalf of UFS, and which obligated UFS to repay the Debtor for the services provided. UFS shares an insider with the Debtor, namely James Goodman ("Goodman"). Ultimately, the UFS failed to repay the Debtor for its services under the TSA, leaving UFS obligated to the Debtor in an amount of $5,986,897.60 (the "Receivable").

3. The Trustee filed his *Original Complaint* [Adv. Docket 1] against UFS seeking recovery of the Receivable on November 1, 2023, thereby initiating this Adversary Proceeding. On December 1, 2023, UFS entered its *Defendant Unified Field Services, Inc.'s Answer and Consent to Entry of Judgment* (the "Answer") [Adv. Docket 5] whereby UFS consented to entry of judgment for the full value of the Receivable.

4. The Court entered final judgment in the Adversary Proceeding on January 10, 2024, granting judgment for the Trustee for the full amount of the Receivable in addition to reasonable and necessary attorney's fees and costs and post-judgment interest. [Adv. Docket 8] (the "Judgment").

5. On January 29, 2024, the Trustee served his *First Set of Post-Judgment Requests for Production to Unified Field Services, Inc.* (the "RFPs") and his *First Set of Post-Judgment Interrogatories to Unified Field Services, Inc.* (the "Interrogatories") upon counsel of record for UFS via both email and U.S. first-class mail, postage prepaid. A true and correct copy of the RFPs and Interrogatories are attached hereto as **Exhibit "A"**. The foregoing included a disclosure that any and all responses were to be received by counsel for the Trustee no later than 30 days after service of the same, which would place the response deadline on February 28, 2024.

6. UFS failed to provide any response to the RFPs, to produce any documents in response to the RFPs, or to answer any of the Interrogatories, by said deadline.

7. Thereafter, the Trustee transmitted that certain *Demand for Cure of Discovery Deficiency* (the "Deficiency Letter") upon UFS via email and U.S. first-class mail, postage prepaid, on March 4, 2024. A true and correct copy of the Deficiency Letter is attached hereto as **Exhibit "B"**. The Deficiency Letter informed UFS of its defaults and further notified UFS of potential relief from this Court if no response was received by March 8, 2024. UFS responded to the

Deficiency Letter on March 5, 2024. On March 6, 2024, UFS provided a production to the Trustee including the Debtor's insurance policies, corporate documents, certain known litigation, unaudited income statements and balance sheets for 2021-2023, and certain of the Debtor's bank statements (the "Initial Production").

8. The total document count received by counsel for the Trustee in the Initial Production was 71 documents. Counsel for UFS, on a phone call with counsel for the Trustee, requested additional time to assess whether production of all responsive emails would be necessary. Counsel for the Trustee obliged, but reserved all rights to pursue production. No other documents responsive to the RFPs were produced, and no written answers to the Interrogatories were served.

9. Counsel for the Trustee advised counsel for UFS on March 7, 2024, that certain documents were missing from the Initial Production. On March 8, 2024, counsel for UFS responded with certain information helpful to contextualize the deficiency, but indicated that further information was necessary and that information would be confirmed. Counsel for the Trustee requested an update on this information on March 20, 2024 via email, and again by phone on March 28, 2024. No response has been received from counsel for UFS since the March 8, 2024 email response. A true and correct copy of this email exchange is attached hereto as **Exhibit "C"**.

10. Accordingly, as UFS has failed to either comply with the response deadline imposed by the Federal Rules of Civil Procedure or remedy the identified deficiencies informally, request is now made for this Court to compel production of the requested documents and interrogatory answers.

### III.   DISCUSSION

11.  Rule 69 of the Federal Rules of Civil Procedure, as made applicable to the Adversary Proceeding by Rule 7069 of the Federal Rules of Bankruptcy Procedure, provides in relevant part that, in "aid of the judgment or execution, the judgment creditor… may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." FED. R. CIV. P. 69(a)(2).  Rule 26 of the Federal Rules of Civil Procedure further provides that a party may obtain discovery regarding "any nonprivileged matter" related to the claims or defenses.  *See* FED. R. CIV. P. 26(b)(1).  Rule 34 of the Federal Rules of Civil Procedure provides that a party must respond, in writing, to a request for production within 30 days after being served.  *See* FED. R. CIV. P. 34(b)(2)(A).  The same deadline applies to interrogatories.  *See* FED. R. CIV. P. 33(b)(2).

12.  Absent certain limited exceptions, when a party "fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived." *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989).  "The scope of postjudgment discovery is very broad to permit a judgment creditor to discover assets upon which execution may be made." *JP Morgan Chase Bank, N.A. v. DataTreasury Corp.*, 936 F.3d 251, 256 (5th Cir. 2019) (quoting *FDIC v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995)).

13.  Bankruptcy courts retain jurisdiction to enforce their own judgments. *See In re Offshore Financial Corp.*, 319 B.R. 845, 847 (Bankr. N.D. Tex. 2005) (citing *Celotex Corp. v. Edwards*, 514 U.S. 300 (1995); *United States v. Revie*, 834 F.2d 1198, 1205 (5th Cir. 1987)). Compelling a judgment debtor who has failed to respond to post-judgment requests for discovery furthers the purpose of Rule 69: enforcement of a judgment. *See Butters-Fetting Co., Inc. v. O'Connor*, 2023 WL 2825700, at *1 (N.D. Tex. January 19, 2023).

14. Here, UFS failed to timely respond to the RFPs—in fact, it has not responded to them in writing at all—and it has not produced nearly the whole of the documents responsive to the RFPs. UFS has failed wholly to respond to the Interrogatories. As a result, any objections that UFS could have raised in response thereto have been waived by operation of law.

15. It has been over a month since the deadline to respond to the Trustee's discovery has expired. While multiple efforts were made to resolve the default and deficiencies informally, UFS has since gone silent on further attempts to resolve these issues. As a result of UFS's defaults in responding to the Trustee's discovery and subsequent lack of responsiveness to informal efforts to bridge the gap, the Trustee now seeks an order from the Court compelling production of all documents responsive to the RFPs and answers to the Interrogatories.

16. Rule 37 of the Federal Rules of Civil Procedure, as incorporated into this Adversary Proceeding, provides that "a party may move for an order compelling disclosure or discovery." FED. R. CIV. P. 37(a)(1). There can be no question here that the Trustee has conferred with UFS on multiple occasions regarding this matter, and that he has attempted to obtain the information that he is entitled to from UFS without the need to involve this Court, as contemplated by the Rule. The Rule expressly permits the Court to enter an "order compelling an answer, designation, production, or inspection," including when "a party fails to answer an interrogatory submitted under Rule 33" or when "a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." FED. R. CIV. P. 37(a)(3)(B).

17. UFS is an entity owned and controlled by Goodman, like so many of the parties involved in both this Bankruptcy Case and affiliated adversary proceedings. The Debtor now holds a money judgment against UFS in an amount of nearly six million dollars. Given the nature

of UFS's business and the involvement of Goodman, not only are documents and communications evidencing UFS's financial health relevant to any potential recovery on the Receivable, so too are documents and communications evidencing and discussing transfers between UFS and other parties. To point out the obvious: the Debtor sold a valuable business line to UFS less than three (3) years ago, UFS failed to pay, and, only two (2) years later, UFS was apparently out of business. Where did the business the Debtor sold go, and where did UFS's own business go, not to mention its cash? Not only does the history of fraudulent transfers in the Bankruptcy Case give rise to heightened suspicion and scrutiny here, but UFS's blatant discovery defaults do as well, especially when no reason or explanation for the defaults is offered.

18. By way of example, Interrogatory No. 1 requires UFS to identify all of its bank accounts. That is obviously critical information, and should be easy to respond to. Interrogatory No. 2 seeks an accounting of assets. Interrogatory No. 7 requires information regarding any transfers. Interrogatory No. 8 seeks information related to who UFS' directors and officers were. Interrogatory No. 14 requires basic information regarding whether UFS has any business operations and, if not, what happened to them. These and all of the Trustee's requests are proper, reasonable, and necessary for the Trustee to seek to collect on the Judgment, including to enable him to learn of potential third parties that he may have claims against on account of the Judgment.

19. Accordingly, the Trustee requests that the Court enter an order compelling UFS to produce all documents responsive to the RFPs and to otherwise respond to the same, and provide answers to the Interrogatories, no later than seven (7) days after the entry of an order on this Motion, which is more than sufficient time given that it has been more than two (2) months since the Trustee served his RFPs and his Interrogatories.

20. Finally, the Trustee reserves all of his rights to seek an award of his reasonable attorney's fees and expenses incurred on this matter and through this Motion, pursuant to separate motion if and when appropriate.

## IV. PRAYER

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully requests that the Court enter an order: (i) granting this Motion; (ii) compelling UFS to respond to the RFPs and produce all documents in its possession, custody, or control responsive thereto no later than seven (7) days after the entry of said order; (iii) compelling UFS to fully answer and verify the Interrogatories no later than seven (7) days after the entry of said order; (iv) providing that such order will be enforced through contempt; and (v) granting the Trustee such other and further relief to which he may be justly entitled.

RESPECTFULLY SUBMITTED this 2nd day of April, 2024.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/ *Conor White*
Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas D. Berghman, Esq.
Texas Bar No. 24082683
Conor P. White, Esq.
Texas Bar No. 24125722
500 N. Akard Street, Suite 3800
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584
E-mail: drukavina@munsch.com
tberghman@munsch.com
cwhite@munsch.com

**ATTORNEYS FOR
SCOTT M. SEIDEL, TRUSTEE**

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that on has attempted to confer multiple times, as outlined in the Motion, in good faith to resolve the issues underlying the relief requested herein without the need for Court intervention. As a result of these efforts, many deficiencies remain, and since March 8, 2024, no further response has been received.

By: */s/ Conor White*
Conor P. White, Esq.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this the 2nd day of April, 2024, he caused a true and correct copy of this document to be served upon Randall A. Pulman, counsel of record for UFS, at rpulman@pulmanlaw.com, and served by U.S. first class mail, postage prepaid, on the following:

Unified Field Services
Attn: Randall Pulman; Leslie Sara Hyman; Anna K. MacFarlane
Pulman, Cappuccio & Pullen, LLP
2161 NW Militray Highway, Suite 400
San Antonio, Texas 78213

By: */s/ Conor White*
Conor P. White, Esq.