Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas D. Berghman, Esq.
Texas Bar No. 24082683
Conor P. White
Texas Bar No. 24125722
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 4000
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

SPECIAL COUNSEL FOR SCOTT M. SEIDEL, TRUSTEE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 22-31641-mvl-7 |
| GOODMAN NETWORKS, INC., | § | |
| | § | (Chapter 7) |
| Debtor. | § | |
| | § | |
| | § | |
| SCOTT M. SEIDEL, TRUSTEE, | § | |
| | § | |
| Plaintiff, | § | ADVERSARY PROCEEDING |
| | § | NO. 23-03088-mvl |
| v. | § | |
| | § | |
| UNIFIED FIELD SERVICES, INC., | § | |
| | § | |
| Defendant. | § | |

### TRUSTEE'S FIRST SET OF POST-JUDGMENT REQUESTS FOR PRODUCTION
### TO UNIFIED FIELD SERVICES, INC.

To:    Unified Field Services, Inc., by and through its attorneys of record, Randall A. Pulman, Leslie Sara Hyman, Anna K. MacFarlane, Pulman, Cappuccio & Pulllen, LLP, 2161 NW Military Highway, Suite 400, San Antonio, Texas 78213.

   Scott M. Seidel, Trustee (the "Trustee"), the plaintiff in this Adversary Proceeding, hereby

serves upon Unified Field Services, Inc. ("UFS"), the defendant in this Adversary Proceeding, this

his *Trustee's First Set of Post-Judgment Requests for Production to Unified Field Services*, *Inc.*

TRUSTEE'S FIRST SET OF POST-JUDGMENT REQUESTS FOR PRODUCTION
TO UNIFIED FIELD SERVICES, INC.—Page 1

Trustee's
**Ex. A**

(the "Requests") as follows.

# I.    INSTRUCTIONS

1.    These requests are intended to cover all information, documents, and things in Your possession, custody, or control. A document or thing is deemed to be in Your possession, custody, or control, if:

    a.  It is in Your physical control; or

    b.  It is in the physical control of any other person or entity, and You, individually or otherwise

        i.  Own the document or thing in whole or in part;

        ii.  Have a right by contract, statute, or otherwise, to use, inspect, examine, or copy that document or thing on any terms; or

        iii.  Have, as a practical matter, been able to use, inspect, examine, or copy that document or thing when You have sought to do so.

2.    Unless otherwise indicated, references in these requests to You or any party, business organization, or other legal entity specifically includes all of that entity's present or former employees, officers, directors, agents, representatives, members, attorneys, departments, sections, affiliates, subsidiaries, parents, and all other persons acting on its behalf.

3.    If any portion of any document, electronically stored information, or tangible thing is responsive to any Request, then the entire document, electronically stored information, or tangible thing must be produced.  Documents and electronically stored information shall be produced in the order in which they are found in your files.  Documents that are found stapled, clipped, or otherwise fastened shall be produced in such form.

4.    In the event that no document, electronically stored information, or tangible thing exists that is responsive to a particular Request, a written response indicating the same shall be provided.

5.      If any document, electronically stored information, or tangible thing is withheld on the basis of privilege, or any Request is objected to on the basis of privilege, you must nevertheless produce other responsive documents, electronically stored information, or tangible things pursuant to such Request that are not subject to any privilege, and you must produce a privilege log concerning documents, electronically stored information, and tangible things withheld on the basis of privilege providing sufficient information to allow the Trustee to evaluate and determine the propriety of each such claim of privilege.

6.      UFS must serve its responses to the Requests, no later than thirty (30) days following service of these Requests, at the following address or email:

Munsch Hardt Kopf & Harr, P.C.
Attn: Davor Rukavina
4000 Ross Tower
500 N. Akard Street
Dallas, Texas 75201
drukavina@munsch.com

## II.    DEFINITIONS

7.      "Adversary Proceeding" shall mean *Seidel v. Unified Field Services, Inc.*, Case No. 23-03088-mvl in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division.

8.      "Affiliate" shall have the same meaning as defined in 11 U.S.C. § 101(2), and further include any directors, officers, managers, owners, any entity that has shared ownership with, or any subsidiary of the target of the Request.

9.      "And" and "or" shall each be individually interpreted in every instance as meaning "and/or" and shall not be interpreted disjunctively to exclude any information otherwise within the scope of any specification.

10.    "APA" shall mean that certain *Asset Purchase Agreement* dated June 4, 2021 by and between UFS, as buyer, and the Debtor, as seller, for certain assets related to the Debtor's business.

11.    "Bankruptcy Case" shall mean *In re Goodman Networks, Inc.*, Case No. 22-31641-mlv-7 in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division.

12.    "Communication" shall mean any contact or act by which any information is transmitted or conveyed between two or more persons, and shall include, without limitation, written contact by such means as letters, memoranda, telegrams, telexes, electronically transmitted messages, e-mails, or by any document, and any oral contact by such means as face-to-face meetings or conversations and telephone conversations that are transcribed, notated, or in any other manner memorialized in written, typed, or recorded form.

13.    "Computer data" means any documents, information, or data ever placed into or stored on any of your computers, including but not limited to the hard drive, laptops, disks, storage systems, retrieval systems and similar systems, e-mails, Internet transmissions, electronic bulletin boards, websites, diary systems, calendar systems, tickler systems, and any other programs.

14.    "Debtor" means Goodman Networks, Inc., the debtor in the Bankruptcy Case.

15.    "Document(s)" means all written, recorded or graphic matter, whether in hard copy or generated or stored electronically or magnetically or by any other means, including without limitation, all papers, books, records, letters, photographs, tangible things, correspondence, communications, telegrams, cables, telex messages, memoranda, notes, notations, work papers, transcripts, minutes, reports, recordings of telephone or other conversations, interviews, conferences or other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices, announcements,

advertisements, instructions, charges, brochures, publications, schedules, lists, journals, statistical records or calculations, desk calendars, appointment books, diaries, tabulations, programs, data process input and output, microfilm, ledgers, journals or books of account, records and invoices reflecting business operations, records kept by electronic, photographic or mechanical means, any notes or drafts relating to the foregoing, and all things similar to any of the foregoing, however denominated. "Document" shall also mean and include the original, drafts of the original and each non-identical copy (whether different from the original because of marginal notes or in whatever respect), including translations, of any written or graphic matter, whether typed, printed, recorded, filmed, produced by hand, or reproduced by any other mechanical process or means.  Document includes ESI, Computer Data, and information on any Electronic information system and Electronic storage device.

16.     "Electronic information system" refers to a computer system or network, cell phone, smart phone, tablet computer, PDA, cloud storage, online storage or other similar system or device that contains electronic storage.

17.     "Electronic storage device" refers to magnetic, optical, flash, or other storage media, such as hard drives, flash or thumb drives, DVDs, CDs, tapes, cartridges, floppy diskettes, cloud storage, internet storage, smart cards, integrated circuit cards (e.g., SIM cards), cell phone, smart phone, tablet, or PDA drives.

18.     "ESI" shall mean all electronically stored information or electronic files in an electronic information system or on electronic storage device, as defined herein. ESI includes, without limitation, voicemail messages; email messages and their attachments; text messages and their attachments; instant -messaging messages and their attachments; voicemail, email text and instant-messaging messages, and other electronic messages including all versions of these

messages such as draft, sent, received, deleted, archived, and saved messages; electronic files such as word processing, spreadsheet, presentation, and other electronic files; draft, archived, and deleted versions of any kind of electronic file; temporary files; system history files; internet or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies; computer activity logs; metadata; all digital communications; accounting applications data; calendar and diary application data; presentations; network-access and server activity logs; and back-up and archival files. ESI also specifically includes any metadata associated with the ESI.

19.     "File" means any collection or group of documents maintained, held, stored, or used together, including, without limitation, all collections of documents maintained, held, or stored in folders, notebooks, or other devices for separating or organizing documents.

20.     "Financial Document" means any document related to or evidencing the financial condition of a company, including a financial statement, cash flow statement, balance sheet, or income statement, whether internal or created for or provided to a third person.

21.     "Including" means 'including but not limited to', and is not restrictive or limiting.

22.     "Insider" shall have the same meaning as defined by 11 U.S.C. § 101(31). This definition means any: director of the Debtor, officer of the Debtor, person in control of the Debtor, partnership in which the Debtor is a general partner, general partner of the Debtor, relative of a general partner, director, officer, or person in control of the Debtor, affiliate or insider of an affiliate if such affiliate were the Debtor, and managing agent of the Debtor.

23.     "Goodman" shall mean Goodman Networks, Inc. and its present and former parents, subsidiaries, affiliates, agents, employees, representatives, assigns, attorneys,

predecessors -in-interest, and all other natural persons or businesses or legal entities, presently or previously, acting on behalf of Goodman Networks, Inc.

24.     "Person" or "persons" means any natural persons, firms, partnerships, associations, joint ventures, corporations and any other form of business organization or arrangement, as well as government or quasi-governmental agencies. If other than a natural person, include all natural persons associated with such entity.

25.     "Transfer" shall have the same meaning as defined by 11 U.S.C. § 101(54). In particular, Transfer shall mean any creation of a lien, retention of title as a security interest, foreclosure of a debtor's equity of redemption, or each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing or parting with property or an interest in property.

26.     "TSA" shall mean that certain *Transition Services Agreement* dated June 4, 2021, by and between UFS and the Debtor in conjunction with the APA.

27.     "UFS" shall mean Unified Field Services, Inc. and its present and former parents, subsidiaries, affiliates, agents, employees, representatives, assigns, attorneys, predecessors -in-interest, and all other natural persons or businesses or legal entities, presently or previously, acting on behalf of Unified Field Services, Inc.

28.     "You" and "your" shall mean UFS and its present and former parents, subsidiaries, affiliates, agents, employees, representatives, assigns, attorneys, predecessors-in-interest, and all other natural persons or businesses or legal entities, presently or previously, acting on behalf of it.

### III.    FIRST SET OF POST-JUDGMENT REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

Any and all bank statements for any bank accounts held in Your name or for Your benefit since January 1, 2020 through the present.

RESPONSE:


**REQUEST NO. 2:**

Documents and records evidencing any and all of Your assets, including but not limited to any cash, cash equivalents, real property, personal property, contracts, accounts receivable, and potential or pending causes of action, since January 1, 2020.

RESPONSE:


**REQUEST NO. 3:**

All Financial Documents of Yours, including any QuickBooks or accounting files in native format, since January 1, 2020.

RESPONSE:


**REQUEST NO. 4:**

All corporate governance documents since January 1, 2020, including any amendments thereof, and including Your articles of incorporation and bylaws, and including any records of any meeting of Your board (including any minutes, resolutions, presentations made to the board, and any other document by which any action or approval of the board was sought or made).

RESPONSE:


**REQUEST NO. 5:**

Communications discussing or related to, directly or indirectly, payments made by You to any Affiliates or Insiders of You since January 1, 2020.

RESPONSE:

**REQUEST NO. 6:**

Documents or records reflecting any accounts receivable or other sums or amounts due to You under any contract or agreement.

RESPONSE:


**REQUEST NO. 7:**

Any Documents reflecting an organizational chart outlining the structure of Your business, including the hierarchy of employees and related entities, since January 1, 2020.

RESPONSE:


**REQUEST NO. 8:**

All of Your tax returns filed with any governmental authority since January 1, 2020.

RESPONSE:


**REQUEST NO. 9:**

Communications by and between You and the Debtor or any third-party related to the assets purchased by You under the APA or the services provided by the Debtor to You pursuant to the MSA.

RESPONSE:


**REQUEST NO. 10:**

Documents and Communications evidencing any distribution or transfer of funds to Your equity holders since January 1, 2020, whether by way of dividend, distribution, or repayment of loan or capital, including any document giving rise to such payment or evidencing any obligation to make such payment.

RESPONSE:

**REQUEST NO. 11:**

Documents and records evidencing any security interest or lien currently encumbering any asset of Yours, including but not limited to any financing agreements, factoring agreements, or judgment liens.

RESPONSE:


**REQUEST NO. 12:**

For all individuals or entities identified in your response to Interrogatory Number 9, Documents and records evidencing the relationship between You and the identified party.

RESPONSE:


**REQUEST NO. 13:**

All Documents and Communications evidencing or related to any Transfer of any of Your property since January 1, 2020 outside the ordinary course of Your business, including any related letter of intent, term sheet, or asset purchase agreement.

RESPONSE:


**REQUEST NO. 14:**

Documents and Communications relating to any cessation of Your business operations.

RESPONSE:


**REQUEST NO. 15:**

Documents and Communications related to any repayment of Your debt since January 1, 2022.

RESPONSE:


**REQUEST NO. 16:**

Documents evidencing or related to any funds that any person may owe you, including any promissory note and security instrument, letter of credit, refund, general intangible, or commercial tort.

RESPONSE:

**REQUEST NO. 17:**

All Communications between You and the Debtor regarding the APA or the TSA including any amounts owed by You thereunder.

RESPONSE:


**REQUEST NO. 18:**

All insurance policies held in Your name or under which You were a payee or loss payee since January 1, 2020, including any director's and officer's coverage.

RESPONSE:


**REQUEST NO. 19:**

All documents and communications between You and any insurance carrier or broker evidencing or related to any claim You made on any insurance policy at any time since January 1, 2020.

RESPONSE:


**REQUEST NO. 20:**

Your current listing of accounts payable or other funds owed by you to any person for any reason, including the amount of such funds that is claimed as owing, and the name and contact information of such person or creditor.

RESPONSE:


**REQUEST NO. 21:**

All documents and communications between You and Amazon.com Services, Inc. or other contract counterparties pursuant to the contracts and businesses you acquired under the APA, related to any transfer, assignment, termination, alleged breach, renewal, non-renewal, amendment, or modification of any such contract or business.

RESPONSE:

DATED this 29th day of January, 2024.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Davor Rukavina*
    Davor Rukavina, Esq.
    Texas Bar No. 24030781
    Thomas D. Berghman, Esq.
    Texas Bar No. 24082683
    Conor P. White, Esq.
    Texas Bar No. 24125722
    500 N. Akard Street, Suite 4000
    Dallas, Texas  75201-6659
    Telephone: (214) 855-7500
    Facsimile: (214) 855-7584

**COUNSEL FOR SCOTT M. SEIDEL,
TRUSTEE**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on the 29th day of January, 2024, he caused a true and correct copy of this document to be served via email on Randall A. Pulman, counsel of record for UFS, at RPulman@pulmanlaw.com, and by U.S. mail first-class, postage prepaid, on the following:

Randall A. Pulman
Leslie Sara Hyman
Anna K. MacFarlane
Pulman, Cappuccio & Pulllen, LLP
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213

By: */s/ Conor White*
    Conor P. White

Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas D. Berghman, Esq.
Texas Bar No. 24082683
Conor P. White
Texas Bar No. 24125722
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 4000
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

SPECIAL COUNSEL FOR SCOTT M. SEIDEL, TRUSTEE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 22-31641-mvl-7 |
| GOODMAN NETWORKS, INC., | § | |
| | § | (Chapter 7) |
| Debtor. | § | |
| | § | |
| | § | |
| SCOTT M. SEIDEL, TRUSTEE, | § | |
| | § | |
| Plaintiff, | § | ADVERSARY PROCEEDING |
| | § | NO. 23-03088-mvl |
| v. | § | |
| | § | |
| UNIFIED FIELD SERVICES, INC., | § | |
| | § | |
| Defendant. | § | |

### TRUSTEE'S FIRST SET OF POST-JUDGMENT INTERROGATORIES
### TO UNIFIED FIELD SERVICES, INC.

To:   Unified Field Services, Inc., by and through its attorneys of record, Randall A. Pulman, Leslie Sara Hyman, Anna K. MacFarlane, Pulman, Cappuccio & Pulllen, LLP, 2161 NW Military Highway, Suite 400, San Antonio, Texas 78213.

Scott M. Seidel, Trustee (the "Trustee"), the plaintiff in this Adversary Proceeding, hereby

serves upon Unified Field Services, Inc. ("UFS"), the defendant in this Adversary Proceeding, this

his *Trustee's First Set of Post-Judgment Interrogatories to Unified Field Services, Inc.*

(the "<u>Interrogatories</u>") as follows.

## I.    <u>INSTRUCTIONS</u>

1.      UFS must serve its responses to the Interrogatories, no later than thirty (30) days following service of these Requests, at the following address or email:

Munsch Hardt Kopf & Harr, P.C.
Attn: Davor Rukavina
4000 Ross Tower
500 N. Akard Street
Dallas, Texas 75201
drukavina@munsch.com

## II.    <u>DEFINITIONS</u>

2.      "<u>Adversary Proceeding</u>" shall mean *Seidel v. Unified Field Services, Inc.*, Case No. 23-03088-mvl in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division.

3.      "<u>Affiliate</u>" shall have the same meaning as defined in 11 U.S.C. § 101(2), and further include any directors, officers, managers, or owners, any entity that has shared ownership, or any subsidiary of the target of the Request.

4.      "<u>And</u>" and "<u>or</u>" shall each be individually interpreted in every instance as meaning "and/or" and shall not be interpreted disjunctively to exclude any information otherwise within the scope of any specification.

5.      "<u>APA</u>" shall mean that certain *Asset Purchase Agreement* dated June 4, 2021 by and between UFS, as buyer, and the Debtor, as seller, for certain assets related to the Debtor's business.

6.      "<u>UFS</u>" shall mean Unified Field Services, Inc. and its present and former parents, subsidiaries, affiliates, agents, employees, representatives, assigns, attorneys, predecessors -in-

interest, and all other natural persons or businesses or legal entities, presently or previously, acting on behalf of Unified Field Services, Inc.

7.      "Bankruptcy Case" shall mean *In re Goodman Networks, Inc.*, Case No. 22-31641-mlv-7 in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division.

8.      "Debtor" means Goodman Networks, Inc., the debtor in the Bankruptcy Case.

9.      "Including" means 'including but not limited to', and is not restrictive or limiting.

10.     "Insider" shall have the same meaning as defined by 11 U.S.C. § 101(31). This definition means any: director of the Debtor, officer of the Debtor, person in control of the Debtor, partnership in which the Debtor is a general partner, general partner of the Debtor, relative of a general partner, director, officer, or person in control of the Debtor, affiliate or insider of an affiliate if such affiliate were the Debtor, and managing agent of the Debtor.

11.     "Notes" shall mean the Seller's Senior Secured notes due 2022, CUSIP No. 38239HAF2, CUSIP No. 38239HAG0, and/or CUSIP No. 38239HAH8 identified in the APA.

12.     "Person" or "persons" means any natural persons, firms, partnerships, associations, joint ventures, corporations and any other form of business organization or arrangement, as well as government or quasi-governmental agencies. If other than a natural person, include all natural persons associated with such entity.

13.     "Transfer" shall have the same meaning as defined by 11 U.S.C. § 101(54). In particular, Transfer shall mean any creation of a lien, retention of title as a security interest, foreclosure of a debtor's equity of redemption, or each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing or parting with property or an interest in property.

14.    "TSA" shall mean that certain *Transition Services Agreement* dated June 4, 2021, by and between UFS and the Debtor in conjunction with the APA.

15.    "Trustee" shall mean Scott M. Seidel, in his capacity as Trustee of the Bankruptcy Estate of Goodman Networks, Inc., in the above styled and numbered Bankruptcy Case.

16.    "You" and "your" shall mean the party responding to these requests and its present and former parents, subsidiaries, affiliates, agents, employees, representatives, assigns, attorneys, predecessors-in-interest, and all other natural persons or businesses or legal entities, presently or previously, acting on behalf of it.

### III.    FIRST SET OF POST-JUDGMENT INTERROGATORIES

### INTERROGATORY NO. 1:

Identify all of the bank accounts currently held in Your name or for Your benefit and any such bank accounts held at any time since January 1, 2020.  The foregoing includes the name of the bank, the account number, and the holder of the account.

RESPONSE:


### INTERROGATORY NO. 2:

Provide an accounting of all assets currently owned by You, including but not limited to, any cash equivalents, real property, personal property, contracts, accounts receivable, and potential or pending causes of action.

RESPONSE:


### INTERROGATORY NO. 3:

Identify with specificity all holders of security interests or liens encumbering any of Your assets at any time since January 1, 2020, and, for each holder of such encumbrance, the collateral, amount, and method of such security interest or lien.

RESPONSE:


### INTERROGATORY NO. 4:

Identify any individuals or entities with knowledge of Your financial status, whether or not they are currently employed by You or a current or former preparer of Your financial information, including the most recent contact information for each.

RESPONSE:


### INTERROGATORY NO. 5:

Identify all individuals who assisted You with Your responses to the Trustee's Requests for Production, and Interrogatories.

RESPONSE:

**INTERROGATORY NO. 6:**

Identify all entities or individuals that are Affiliates, subsidiaries, owners, shareholders, or Insiders of You at any time since January 1, 2020.

RESPONSE:

**INTERROGATORY NO. 7:**

Provide an accounting of all assets Transferred by You outside the ordinary course of business since January 1, 2020, including but not limited to, any cash equivalents, real property, personal property, contracts, accounts receivable, and potential or pending causes of action.

RESPONSE:

**INTERROGATORY NO. 8:**

Identify each person (by name, title, address, phone number, and e-mail address) who was a director or officer of You at any time since January 1, 2020 and state the amount of compensation, expense reimbursements, and dividends or distributions paid to each such person during such time.

RESPONSE:

**INTERROGATORY NO. 9:**

Identify all of Your current contractual counterparties or trade partners, whether or not such relationship was a result of the APA or TSA.

RESPONSE:

**INTERROGATORY NO. 10:**

For the individuals or entities identified in Interrogatory 9, identify the balance of the outstanding trade accounts, whether owed by You or the individual or entity identified above.

RESPONSE:

**INTERROGATORY NO. 11:**

Identify each person who provided accounting services to you at any time since January 1, 2020, including any auditor, internal accountant, outside accountant, or tax accountant, by name, firm, or current contact information, and the services that such person provided to You, and when.

RESPONSE:


**INTERROGATORY NO. 12:**

Explain the relationship between Goodman Investment Holdings and You, including with respect to the Notes as enumerated by the APA.

RESPONSE:


**INTERROGATORY NO. 13:**

Identify whether any additional Seller's Notes, as defined in the APA, are currently held or were purchased by You.

RESPONSE:


**INTERROGATORY NO. 14:**

Do you still have any business operations?  If not, identify the circumstances by which You ceased any such business operations, including the date(s), the reason(s) why, whether any such business operations or underlying assets were Transferred by You, and to whom, why, and for what consideration.

RESPONSE:


**INTERROGATORY NO. 15:**

Explain why You did not make payment on the amounts owed to the Debtor that formed the basis for this Adversary Proceeding.

RESPONSE:

**INTERROGATORY NO. 16:**

Does any person owe You any money (whether by way of refund, contract, promissory note, lawsuit, unearned retainer, insurance claim, or otherwise) and, if so, by whom, for what and for how much.

RESPONSE:


**INTERROGATORY NO. 17:**

Identify any lawsuit that you have been involved in in any capacity at any time since January 1, 2020, including by name of court, proceeding number, and party names and capacities.

RESPONSE:


**INTERROGATORY NO. 18:**

What happened to the business and/or the assets you acquired from the Debtor pursuant to the APA?

RESPONSE:


**INTERROGATORY NO. 19:**

How were you capitalized?  Your answer should include the identify of persons capitalizing you and their capital contributions.

RESPONSE:


**INTERROGATORY NO. 20:**

Identify any payment made by You or on Your behalf to any creditor of You since January 1, 2023, including the name of such creditor, the amount of such payment, and reason for such payment (such as whether the payment was for goods, services, or otherwise).  You may exclude wages and salaries to anyone who was not a director, officer, or Insider.

RESPONSE:

**INTERROGATORY NO. 21:**

Identify each payment or Transfer made by You since January 1, 2020 to any Affiliate, Insider, equity owner, director, or officer, including the date of such payment or Transfer, the amount thereof, and the reason for the same, and also including any return consideration You received for such payment or Transfer.

RESPONSE:


**INTERROGATORY NO. 22:**

Identify any return consideration You received for any Transfer the subject of Interrogatory No. 7.

RESPONSE:


DATED this 29th day of January, 2024.


**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Davor Rukavina*                                   
    Davor Rukavina, Esq.
    Texas Bar No. 24030781
    Thomas D. Berghman, Esq.
    Texas Bar No. 24082683
    Conor P. White, Esq.
    Texas Bar No. 24125722
    500 N. Akard Street, Suite 4000
    Dallas, Texas  75201-6659
    Telephone: (214) 855-7500
    Facsimile: (214) 855-7584

**COUNSEL FOR SCOTT M. SEIDEL, TRUSTEE**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that, on the 29th day of January, 2024, he caused a true and correct copy of this document to be served via email on Randall A. Pulman, counsel of record for UFS, at [RPulman@pulmanlaw.com](mailto:RPulman@pulmanlaw.com), and by U.S. mail first-class, postage prepaid, on the following:

Randall A. Pulman
Leslie Sara Hyman
Anna K. MacFarlane
Pulman, Cappuccio & Pulllen, LLP
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213

By: */s/ Conor White* _____
Conor P. White