IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| GOODMAN NETWORKS, INC., | § § | Case No. 22-31641-mvl-7 |
| Debtor. | § § § | (Chapter 7) |
| SCOTT M. SEIDEL, TRUSTEE, | § § § | |
| Plaintiff, | § § | ADVERSARY PROCEEDING NO. 23-03088-mvl |
| v. | § § | |
| UNIFIED FIELD SERVICES, INC., | § § § | |
| Defendant. | § | |

## DECLARATION OF CONOR P. WHITE

I, Conor P. White, do hereby declare as follows:

1. My name is Conor P. White. I am over the age of eighteen years, I have never been convicted of a felony or crime of moral turpitude, and I am otherwise qualified to make this declaration (the "Declaration"). I am making this declaration in support of that certain *Trustee's Motion to Compel Unified Field Services, Inc. to Respond to Requests for Production and Interrogatories* (the "Motion") filed by Scott M. Seidel (the "Trustee"), the court-appointed chapter 7 trustee for the estate (the "Estate") of Goodman Networks, Inc. (the "Debtor") in the above-captioned bankruptcy case and plaintiff in the above-captioned adversary proceeding. The facts stated herein are within my personal knowledge and are true and correct.

2. I am an attorney with the law firm of Munsch Hardt Kopf & Harr, P.C., counsel for the Trustee. I have been licensed to practice law in the State of Texas since 2021 and the United States Bankruptcy Court for the Northern District of Texas since 2022.

3. On January 29, 2024, I served on counsel of record for United Field Services, Inc. ("UFS") the *First Set of Post-Judgment Requests for Production to Unified Field Services, Inc.* (the "RFPs") and his *First Set of Post-Judgment Interrogatories to Unified Field Services, Inc.* (the "Interrogatories") via both email and U.S. first-class mail, postage prepaid. A true and correct copy of the RFPs and Interrogatories are attached to this Declaration as Exhibit A and incorporated by reference. The RFPs and Interrogatories provided for a response deadline of February 28, 2024.

4. On March 4, 2024, after having received no response to the RFPs or Interrogatories, whether formal or informal, I transmitted that certain *Demand for Cure of Discovery Deficiency*

(the "Deficiency Letter") upon counsel for UFS via email and U.S. first-class mail, postage prepaid.  A true and correct copy of the Deficiency Letter is attached to this Declaration as Exhibit B and incorporated by reference.

5. On March 5, 2024, UFS responded to the Deficiency Letter.  On March 6, 2024, UFS provided a partial production to me via email (the "Initial Production").  I personally reviewed the documents provided, which included UFS's insurance policies, corporate documents, certain known litigation, unaudited income statements and balance sheets for 2021 through 2023, and certain of UFS's bank statements.  UFS did not serve responses to either the RFPs or Interrogatories.

6. After reviewing the Initial Production, I informed counsel for UFS on March 7, 2024 of certain deficiencies and requesting updated documents.  Counsel for UFS responded on March 8, 2024, providing information that contextualized the deficiencies I identified, but which did not resolve many of the deficiencies identified and indicated that a follow up would be forthcoming.  I requested an update from counsel for UFS on March 20, 2024 by email, and again by phone on March 28, 2024.  A true and correct copy of this email exchange is attached to this Declaration as Exhibit C and incorporated by reference.

7. The Trustee filed the Motion on April 2, 2024, having heard no response to the follow ups on the Initial Production.  A hearing on the Motion is currently set for May 1, 2024, at 1:30 p.m.

8. On April 24, 2024, UFS served its *Defendant Unified Field Services, Inc.'s Objections and Responses to Trustee's First Set of Post-Judgment Requests for Production* (the "RFP Responses") and its *Defendant Unified Field Services, Inc.'s Responses to Trustee's First Set of Post-Judgment Interrogatories* (the "Interrogatory Responses").  A true and correct copy of the RFP Responses and the Interrogatory Responses are attached to this Declaration as Exhibit D and incorporated by reference.

9. UFS did not file a response to the Motion.  However, UFS did file its *Defendant Unified Field Services, Inc.'s Advisory to the Court Regarding the Trustee's Motion to Compel Defendant's Responses to Requests for Production and Interrogatories* (the "Notice").  The Notice identified that the RFP Responses and Interrogatory Responses had been served upon counsel for the Trustee.

10. Accompanying the RFP Responses was another document production from UFS (the "Supplemental Production").  I personally reviewed the Supplemental Production.  The Supplemental Production included 117 documents of just under 700 pages.  These documents included certain email communications from UFS to related parties and third-parties, additional financial documents, company and employment agreements, an organizational chart, and UFS's tax returns for fiscal years 2021 and 2022.

11. Based upon my knowledge and review of the Initial Production and Supplemental Production, the only remaining deficiency in response to the RFPs is the provision of UFS's Quickbooks or accounting files in native format, as requested in Request No. 3 of the RFPs and as identified as responded to in UFS's RFP Responses to Request No. 3.

12. As of the time of filing this Declaration, no response has been received from counsel for UFS regarding the provision of the Quickbooks or accounting files.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 26, 2024.

/s/ *Conor P. White*
Conor P. White